UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WADE ALAN KNIGHT,<br><br>            Plaintiff,<br>v.<br>ANDREW CUNNINGHAM,<br><br>           Defendant. | Case No. 3:23-CV-00421-ART-CLB<br><br>ORDER |

      Plaintiff Wade Alan Knight ("Knight") brings this action against City of Elko Police Officer Andrew Cunningham ("Cunningham") under 42 U.S.C. § 1983, for unlawful arrest and malicious prosecution based on Knight's arrest on May 26, 2022. Before the Court are Knight's motion to proceed *in forma pauperis*, (ECF No. 8), pro se civil rights complaint, (ECF No. 1-1), motion for settlement conference, (ECF No. 9), and motion for case status (ECF No. 13.)

      Magistrate Judge Carla L. Baldwin issued a Report and Recommendation "R&R" (ECF No. 10) recommending that Plaintiff's *in forma pauperis* application, (ECF No. 8), be denied as moot, the complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend, and the motion for settlement conference, (ECF No. 9), be denied as moot. Plaintiff filed an objection to this R&R (ECF No. 11.)

      For the reasons stated below, the Court adopts Judge Baldwin's R&R in part. The Court defers Plaintiff's *in forma pauperis* application (ECF No. 8), dismisses Plaintiff's complaint (ECF No. 1-1), with leave to amend, and denies Plaintiff's motion for settlement conference (ECF No. 9) as moot. The Court also denies Plaintiff's motion for case status (ECF No 13.)

//

## I. Review of Reports and Recommendations

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II. Analysis

Knight brings Fourth Amendment and Fourteenth Amendment claims, alleging that he was arrested without probable cause, resulting in his detention. Judge Baldwin's R&R recommended dismissal of Plaintiff's claims because they may not be brought under § 1983, and rather must be brought in a habeas corpus action. Plaintiff objects that he is not trying to overturn his conviction, nor is he trying to file a habeas corpus petition. As such, the court reviews this issue *de novo*.

A person may not recover under § 1983 for damages for an allegedly unconstitutional conviction or imprisonment in a state criminal proceeding which resulted in a conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). Rather, where a plaintiff has suffered conviction in a state criminal proceeding, this type of challenge must be brought in a *habeas corpus* action. *Id.* at 481-83. In a § 1983 action, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In other words, to proceed under § 1983 for a claim of malicious prosecution, Plaintiff must demonstrate to the Court that the case was resolved

1    in his favor – that he was not convicted or his conviction or sentence was later
2    invalidated. *Id.* at 486-87. If, however, Plaintiff was convicted and his conviction
3    has not been invalidated, he cannot bring these claims under § 1983; such claims
4    may only be brought in a *habeas corpus* action. *Id.* at 481.

5    The Court thus agrees with Judge Baldwin's analysis that Plaintiff's claims, as they are plead, cannot be brought under § 1983. However, if Plaintiff can demonstrate that he has not been convicted or his conviction has been invalidated, amendment to his complaint would not be futile. Thus, the Court will grant Plaintiff leave to amend his complaint to demonstrate that he was not convicted or his conviction was later invalidated, under *Heck,* 512 U.S. at 486-87. If, however, Plaintiff was convicted and the conviction has not been invalidated, Plaintiff should not amend his complaint and can choose to bring these claims in a separate *habeas corpus* action.

**III.    CONCLUSION**

It is therefore ordered that Plaintiff's objection to Judge Baldwin's Report and Recommendation (ECF No. 11) is OVERRULED.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 10) is ADOPTED IN PART.

It is further ordered that Plaintiff's *in forma pauperis* application (ECF No. 8), is DEFERRED.

It is further ordered that the Clerk FILE the complaint (ECF No. 1-1).

It is further ordered that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITH LEAVE TO AMEND. **Plaintiff may file an amended complaint by October 26, 2024** if he wishes to demonstrate that he was not convicted or his conviction has been invalidated.

It is further ordered that Plaintiff's motion for settlement conference (ECF No. 9) is DENIED as moot.

//

3

It is further ordered that Plaintiff's motion for case status (ECF No. 13) is DENIED.

Dated this 26th day of September 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE